# EXHIBIT A-1

Filed 2/1/2022 10:19 AM
Tammy Robinson
District Clerk
Taylor County, Texas
Ashlee Stewart

CAUSE NO. 51261-A

| | | |
|---|---|---|
| BESSIE FAY WESTER | § | ____ DISTRICT COURT |
| | § | |
| V. | § | IN AND FOR |
| | § | |
| | § | |
| FEDERAL EXPRESS CORPORATION | § | TAYLOR COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES BESSIE FAY WESTER, hereinafter called "Plaintiff," complaining of FEDEX, hereinafter called "Defendant," and for cause of action would respectfully show the Court and jury the following:

1.

Plaintiffs allege that discovery should be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

2.

Plaintiff is a resident of Stonewall County, Texas.

Defendant, FEDEX a foreign corporation that may be served with citation of service address CT Corp System 1999 Bryan St., Ste 900, Dallas, Texas 75201-3136.

3.

Plaintiff, BESSIE FAY WESTER is an individual with the last three digits of her social security number being 442 and the last three digits of her driver's license being 611.

4.

Jurisdiction and Venue are proper in Taylor County, Texas, pursuant to Texas Civil Practices and Remedies Code §15.002 (a)(1) in that all or a substantial part of the events giving rise to the occurrence in question occurred in Taylor County, Texas. No federal question exists, and complete diversity of citizenship fails to exist.


True and correct copy of original filed in the Taylor County District Clerks Office

5.

Plaintiff bring this suit to recover recompense for personal injuries which BESSIE FAY WESTER sustained as a result of an occurrence on or about May 06, 2020, while she was on the premises which is owned or controlled by FEDEX, located at 1917 Navajo Circle, Abilene, Texas and commonly known as the Fedex Ship Center. At that time, BESSIE FAY WESTER was injured on the premises as a result of a dangerous condition known to and/or created by FEDEX.

BESSIE FAY WESTER sustained severe and disabling injuries as hereinafter described.

6.

At the time of the accident, BESSIE FAY WESTER was a customer and thus a business invitee on the premises owned or controlled by FEDEX. Defendant knew or should have known of the unreasonably dangerous condition which existed on its premises and Defendants neither corrected the condition nor warned the Plaintiff of its existence. Specifically, BESSIE FAY WESTER tripped on rug, in the entrance to the store area at the front door and in front of the main area of FEDEX, causing her to trip and fall, hit the floor and break her left femur. Defendants' failure to correct the condition or to warn BESSIE FAY WESTER constituted negligence, and such negligence was a proximate cause of the occurrence in question and BESSIE FAY WESTER'S resulting injuries and damages.

7.

As a direct and proximate result of the occurrence described above, BESSIE FAY WESTER has suffered severe personal injuries causing her to sustain permanent physical impairment which will continue in the future. BESSIE FAY WESTER has also experienced physical pain and mental anguish and will, in all reasonable probability, continue to do so in the future by reason of the nature and severity of her injuries. In addition, BESSIE FAY WESTER

Page 2 of 4: Plaintiff's Amended OP; Bessie Fay Wester v. Fedex



True and correct copy of original filed in the Taylor County District Clerks Office

has been caused to incur reasonably and necessary medical expenses and will, in all reasonable probability, continue to incur reasonable and necessary medical expenses in the future for the treatment of her injuries. BESSIE FAY WESTER has also suffered physical impairment which will in all reasonable probability continue in the future. Further, BESSIE FAY WESTER has suffered a loss of earning capacity which, in all reasonable probability, will continue in the future.

8.

By reason of the above and foregoing, BESSIE FAY WESTER has been damaged in a sum within the jurisdictional limits of this Court. Therefore, Plaintiffs seek recovery of damages for such injuries.

Plaintiff request that the amount of Plaintiff's actual damages should be left to the discretion of the jury in light of the evidence considered by the jury regarding the severity of Plaintiff's injuries and the impact the injuries had on Plaintiff. However, since Texas law requires the Plaintiff to specify a maximum amount of damages sought, Plaintiff would respond that the collective amount of actual damages should exceed $1,000.000.00

9.

Plaintiffs herein claim pre-judgment and post-judgment interest in accordance with Texas Finance Code §304.005, 304.006, 304.103, and 304.104 and any other applicable law.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully pray that the Defendant be cited to appear and answer herein, and that upon a final trial of the cause, judgment be entered for the Plaintiff against Defendant, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment and post-judgment interest at the legal rate, costs of court;

Page 3 of 4: Plaintiff's Amended OP; Bessie Fay Wester v. Fedex



True and correct copy of original filed in the Taylor County District Clerks Office

Plaintiffs' actual damages as set forth above; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

GALBREATH LAW FIRM
4542 Loop 322, Suite 102
Abilene, Texas 79602
Ph: (325) 437-7000
Fax: (325) 437-7007

By:_____
**JEFFERY B, GALBREATH**
State Bar No. 24032334
ATTORNEY FOR PLAINTIFF

**PLAINTIFF REQUESTS A JURY TRIAL**

STATE OF TEXAS
COUNTY OF TAYLOR
CERTIFIED TO BE A TRUE AND CORRECT COPY
OF THE ORIGINAL IN MY CUSTODY
GIVEN UNDER MY HAND AND SEAL OF OFFICE
DATED March 2  A.D., 20 22
TAMMY ROBINSON
DISTRICT CLERK OF TAYLOR COUNTY, TEXAS
BY _____ DEPUTY

Page 4 of 4: Plaintiff's Amended OP; Bessie Fay Wester v. Fedex



True and correct copy of original filed in the Taylor County District Clerks Office