IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| BESSIE FAY WESTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:22-CV-00015-BU |
| | § | |
| FEDERAL EXPRESS CORPORATION, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

This negligence action was filed in state court by Bessie Fay Wester (Wester) against Federal Express Corporation (FedEx) for the injuries she sustained on May 6, 2020. FedEx then timely removed this action to this Court on March 3, 2022. Dkt. No. 1.

Before the Court is FedEx's Motion for Judgment on the Pleadings pursuant to FED. R. CIV. P 12(c) filed on September 30, 2022. Dkt. No. 16. FedEx seeks to dismiss the claim against it, asserting that Texas law does support Wester's theory that a mat, located just inside the entry of their store, constituted an unreasonable risk of harm. *See id.* Accordingly, FedEx should not have known about the existence of a dangerous condition and did not fail to exercise reasonable care to protect Wester. *Id.* at 5–6. Wester did not file a response to FedEx's Motion.

This case was referred to the undersigned for pretrial management with instructions to submit a report and recommendation on dispositive motions under 28 U.S.C. § 636(b)(1)(A). Dkt. No. 4. And a motion for judgment on the pleadings is a dispositive

matter under Section 636(b)(1)(A). For the reasons explained below, the undersigned recommends that FedEx's Motion for Judgment on the Pleadings be granted.

## I. BACKGROUND

This is an action concerning a trip and fall accident at a FedEx location on May 6, 2020. Dkt. No. 1-4 at 3. Wester is an elderly woman who walks with a cane. Dkt. No. 16 at 1. Wester was a customer on FedEx's premises when she tripped on a rug in the interior entryway. Dkt. No. 1-4 at 3. Her fall resulted in a broken left femur, and Wester claims that she has suffered permanent physical impairment, pain and mental anguish, medical expenses, and loss of earning capacity. *Id.* at 3–4. Wester seeks actual damages in excess of $1,000,000. *Id.* at 4.

## II. LEGAL STANDARDS

A Rule 12(c) motion is designed to provide a means of disposing of cases "where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (internal quotation marks and citations omitted). Such a motion only has utility when all that remains are questions of law to be decided by the court. *See* 5C CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1367 (2021). "A motion to dismiss under Rule 12(c) is disfavored and rarely granted." *Boyd v. Dallas Indep. Sch. Dist.*, No. 3:08-CV-0426-M(BF), 2009 WL 159243, at *1 (N.D. Tex. Jan. 21, 2009) (citing *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981)).

The standard for dismissal under Rule 12(c) is the same as a motion under Rule 12(b)(6). *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001). This means that the court evaluates the sufficiency of complaint by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).

Ultimately, the sufficiency of the complaint turns on whether the plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . "). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)).

The standards under Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Twombly*, 550 U.S. at 555. The Supreme Court instructed in both *Twombly* and *Iqbal* that "the pleading standard Rule 8 announces does not require 'detailed factual

3

allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). A complaint that "'tenders naked assertion[s]' devoid of 'further factual enhancement,'" or puts forth "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice. *Id.* (internal citations omitted). Dismissal is appropriate where the complaint is devoid of facts to establish any one of the required elements of the claim asserted. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

"Additionally, courts cannot look beyond the pleadings." *Lusk v. Kroger & Kroger Texas, L.P.*, Civil No. 3:09-CV-0521-O, 2010 WL 26445, at *1 (N.D. Tex. Jan. 6, 2010) (citing *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999)). "The pleadings include the complaint and any documents attached to it." *Id.* (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)). "Likewise, documents that a defendant attaches to its motion are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims." *Id.* (citing *Collins*, 224 F.3d at 498–99); *see Flinn v. Michael J. Scott, P.C.*, Civil Action No. 3:14-CV-0701-N, 2014 WL 11460395, at *1 (N.D. Tex. Dec. 2, 2014) (noting that courts may consider documents attached to the movant's pleadings when evaluating a Rule 12(c) motion).

### III. DISCUSSION

FedEx moves for judgment on the pleadings on the basis that "a floor mat, placed just inside a store's front door," cannot without more constitute "an unreasonable risk of harm to the store's customers." Dkt. No. 16 at 1. FedEx emphasizes that Wester pleads no

facts showing how the floor mat in question posed an unreasonable risk of harm to her. *Id.* at 4.

In Plaintiff's Original Petition, Wester alleges the following set of facts in support of her premises liability claim:

> At the time of the accident, BESSIE FAY WESTER was a customer and thus a business invitee on the premises owned or controlled by FEDEX. Defendant knew or should have known of the unreasonably dangerous condition which existed on its premises and Defendants neither corrected the condition nor warned the Plaintiff of its existence. Specifically, BESSIE FAY WESTER tripped on rug, in the entrance to the store area at the front door and in front of the main area of FEDEX, causing her to trip and fall, hit the floor and break her left femur. Defendants' failure to correct the condition or to warn BESSIE FAY WESTER constituted negligence, and such negligence was a proximate cause of the occurrence in question and BESSIE FAY WESTER'S resulting injuries and damages.

Dkt. No. 1-4 at 3.

Under Texas law, property owners generally "have a duty to protect invitees from, or warn them of, conditions posing unreasonable risks of harm if the owners knew of the conditions or, in the exercise of reasonable care, should have known of them." *Henkel v. Norman*, 441 S.W.3d 249, 251 (Tex. 2014) (citing *TXI Operations, L.P. v. Perry*, 278 S.W.3d 763, 764–65 (Tex. 2009)). This rule reflects the Texas Supreme Court's "recognition that a landowner's duty to invitees is not absolute. A landowner is not an insurer of [a] visitor's safety. Instead, a landowner's premises-liability duties, like its negligence duties, are limited to a duty to exercise ordinary, reasonable care." *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 203 (Tex. 2015) (internal quotations and citations omitted).

To establish a premises liability claim in Texas, an invitee must prove (1) the property owner had actual or constructive knowledge of the condition causing the injury, (2) the condition posed an unreasonable risk of harm, (3) the property owner failed to take reasonable care to reduce or eliminate the risk, and (4) the property owner's failure to use reasonable care to reduce or eliminate the risk was the proximate cause of injuries to the invitee. *Henkel*, 441 S.W.3d at 251–52 (citing *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000)).

As FedEx points out, Wester has failed to plead sufficient facts to allow the Court to draw the inference that the mat in question posed an unreasonable risk of harm.[1] Her allegations that the mat constituted an "unreasonably dangerous condition" is conclusory and lacks any factual predicate for that conclusion. *See* Dkt. No. 1-4 at 3.[2] If Wester is arguing that the location of the mat at the entryway of the store constituted an unreasonable risk of harm, her Complaint is devoid of facts supporting that assertion. *See id.* Although Wester alleges that she "tripped on [the] rug, in the entrance to the store area at the front door and in front of the main area of FEDEX," these facts do not by themselves support an inference that there was something dangerous about the either the rug or its location or condition.

Wester's factual allegations are nothing more than the "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that *Twombly* and *Iqbal* instruct should be

---

[1] Wester's allegations describe her tripping on a "rug" whereas FedEx refers to it as a "mat." *Compare* Dkt. No. 1-4 at 3 with Dkt. No. 16 at 1. The distinction, if any, is not clear to the undesigned, and by failing to respond to FedEx's motion, Wester has chosen not to articulate any distinction.

[2] For example, Wester does not allege that the mat was worn, torn, curled at the edges, positioned incorrectly, or otherwise inappropriate in size, material, condition, or location. *See* Dkt. No. 1-4.

6

dismissed. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). The absence of facts pleaded to support an unreasonable risk of harm here renders it unnecessary for the undersigned to address the other elements required to establish a premises liability claim. Dismissal is appropriate because Wester's complaint is devoid of facts to establish one of the required elements of the claim asserted. *See Blackburn*, 42 F.3d at 931.

Moreover, Wester does not appear to oppose the motion. FedEx filed its Motion on September 30, 2022. Dkt. No. 16. The Local Civil Rules of this Court provide that "[a] response and brief to an *opposed* motion must be filed within 21 days from the date the motion is filed." *See* LOCAL CIVIL RULE 7.1(e) (emphasis added). Wester's response to FedEx's motion was due on October 21, 2022, but no response was filed.

## IV. CONCLUSION

For these reasons, the undersigned RECOMMENDS that FedEx's Motion be granted and that Wester's claims be dismissed.

## V. RIGHT TO OBJECT

If any party wishes to object to any part of these Findings, Conclusions, and Recommendation, the party must file specific written objections within fourteen days after being served with a copy of these Findings, Conclusions, and Recommendation. *See* 28 U.S.C. § 636(b)(1) (2017); FED. R. CIV. P. 72(B). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not

specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    ORDERED this 16th day of November, 2022.

                                                           _____
                                                           JOHN R. PARKER
                                                           UNITED STATES MAGISTRATE JUDGE